# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BARRETT S. STEPHENSON, ) | |
| #279323, ) | |
| ) | CIVIL ACTION NO. 0:06-816-RBH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| WARDEN TAYLOR, RCI, SCDC; ) | |
| and HENRY MCMASTER, ) | |
| ATTORNEY GENERAL OF ) | |
| SOUTH CAROLINA, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 9, 2006.[1] The Respondents filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 28, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 2, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the motion for summary judgment on August 17, 2006. This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). See Order filed March 27, 2006.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

The file reflects that Petitioner was indicted in the May 1999 term of the Aiken County Court of General Sessions for criminal sexual conduct with a minor, 2nd degree. [Indictment No. 99-Gs-02-708]. (R.pp. 93-94). Petitioner was represented by John W. Weeks, Esquire. On July 14, 1999, Petitioner pled guilty to the charge and was sentenced to twenty (20) years, suspended upon the service of five (5) years probation. (R.p. 95). Petitioner did not appeal his conviction and/or sentence.

Supervision of Petitioner's probation was transferred to Georgia, and on May 23, 2001, the Georgia Department of Corrections issued an Interstate Progress and conduct Report that negatively judged Petitioner's performance. See Petitioner's Attachments to his Pro Se Supplemental Appendix (Interstate Progress and Conduct Report). On July 18, 2001, a probation violation arrest warrant was issued by the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS"); See Petitioner's Attachments to his Pro Se Supplemental Appendix (Arrest Warrant); and an administrative hearing was held before SCDPPPS Administrative hearing Officer Charles Coleman on September 20, 2001. See Petitioner's Attachments to his Pro Se Supplemental Appendix (SCPPS Administrative Hearing Summary). Petitioner, Petitioner's wife, Petitioner's stepmother, and probation agent Marie Boulton were all present at the hearing, following which the hearing officer recommended that Petitioner's probation be revoked, that the original twenty (20) year sentence be imposed in full, and that Petitioner receive sex offender treatment while in prison. Id.

A hearing on Petitioner's probation violation was then held in Aiken General Sessions Court on October 12, 2001. (R.pp. 1-15). Petitioner was present and represented by Kelly Perkins Browne, Esquire. At the conclusion of the hearing, the Court found that Petitioner had willfully



violated his probation, but revoked only ten (10) years with recommended treatment. (R.p. 14).

Petitioner filed a timely notice of appeal from the probation revocation with the South Carolina Court of Appeals. Petitioner was represented by Wanda H. Haile, of the South Carolina Office of Appellate Defense, who raised the following issue:

> The lower court erred in revoking appellant's probation sentence in part because he allegedly failed to pay fees.

See Petition, p. 3.

On January 15, 2003, the South Carolina Court of Appeals issued an opinion affirming the probation revocation. State v. Stephenson, Unpub.Op.No. 2003-UP-038 (S.C.Ct.App. 2003). The Remittitur was sent down on February 3, 2003.

Petitioner then filed an Application for Post Conviction Relief ("APCR") on March 11, 2003 in state circuit court. (R.pp. 17-24). Petitioner raised the following issue in this APCR:

> That I received ineffective assistance of counsel. Violation of my 6th and 14th Amend. Court failed to determine factual basis, and willfullness.

(R.pp. 18, 23-24).

An evidentiary hearing was held on Petitioner's APCR on October 30, 2003, at which Petitioner was present and represented by Charles Lyons, Esquire. (R.pp. 30-87). On April 26, 2004, the PCR judge entered an order dismissing the petition in its entirety. (R.pp. 88-92).

Petitioner then timely filed a notice of appeal with the South Carolina Supreme Court. Petitioner was represented by Wanda P. Hagler of the South Carolina Office of Appellate Defense, who filed a Johnson[3] petition seeking to be relieved as counsel and raising the following issue:

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).



> Probation revocation counsel erred in failing to inform the court that petitioner's South Carolina violations of probation should not have included violations of added/special conditions of probation emanating from an order that came from Georgia.

See Petition for Writ of Certiorari, p. 2.

Petitioner filed a pro se writ of certiorari and supplemental appendix dated December 13, 2004, in which he raised the following issues.

1. Probation revocation counsel was ineffective for allowing petitioners due process rights to be violated by the United States Supreme Court.

2. Probation revocation counsel was ineffective for failing to properly investigate petitioners alleged violations.

3. Probation revocation counsel was ineffective by admitting that petitioner was admitting to the alleged violations.

4. The South Carolina Dept. of Probation violated petitioners constitutional rights by a warrant issued from an unsigned and unsworn statement supposedly sent by the Georgia authorities.

5. Probation revocation counsel was ineffective for failing to question petitioner's supervising agent in Georgia or to secure a deposition or sworn affidavit.

6. The South Carolina Dept. of Probation violated petitioners constitutional rights by allowing testimony and statements to be used at the administrative hearing against petitioner, and subsequently forewarded them to General Sessions court, that had nothing to do with the alleged probation violations. Petitioners due process rights were violated by failing to provide petitioner an opportunity to question his supervising agent from Georgia. No documents or evidence was shown to the petitioner at the probable cause or final hearing. Testimony taken outside petitioner's presence at the administrative hearing was not disclosed to petitioner prior to his testimony, and petitioner claims these statements adversely affected petitioner's rights by "clouding" the situation and prejudicing petitioner.

7. The Georgia Dept. of Probation violated petitioners constitutional rights by "enhancing" petitioner's sentence from South Carolina, and subsequently the South Carolina authorities continued this "enhancement" at his revocation proceedings.

8. A forged signature of petitioners was used in the PCR hearing as to the standard conditions of probation petitioner supposedly agreed to.



9.  The Honorable James C. Williams, Judge, abused his discretion in revocation of petitioners probationary sentence and imposing sentence in part due to condition of probation the petitioner was not sentenced to previously.

10. The petitioner's due process rights were violated by South Carolina and Georgia by failing to hold the probable cause hearing in Georgia where the alleged violations occurred and transferring him to South Carolina away from obtainable testimony and evidence.

Pro Se Petition, pp. 2-3.

On December 14, 2005, the South Carolina Supreme Court granted counsel's request to withdraw and denied the Petitioner's petition. The remittitur was sent down on December 30, 2005.

Petitioner then filed this federal habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254. Petitioner raises the following issues in his petition:

**Ground One:**   Probation revoked in violation of due process.

**Ground Two:** Probation revocation warrant issued in violation of Petitioner's 4th Amend. Rights and fundamentally protected civil rights.

**Ground Three:** Probationary sentence enhanced by Georgia, this enhancement continued in revocation proceeding by S.C. in violation of due process.

**Ground Four:** Ineffective Assistance of Counsel in Revocation of Probation Sentence.

See Petition, pp. 5-6.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



5

of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that his probation was revoked in violation of due process. Specifically, Petitioner contends that the revocation of his probation violated the minimal standards of due process because: (1) he was not able to cross-examine his Georgia probation agent at the South Carolina probation revocation preliminary hearing; (2) he was shown no documents at the preliminary hearing; (3) he was not allowed to cross-examine any adverse witnesses at the preliminary hearing; (4) his marriage to an underage girl should not have been part of the preliminary hearing officer's findings because that was not a condition of his probation; (5) his right to cross-examine was violated by the introduction of statements at the preliminary probation revocation hearing that were made prior to the hearing by his underage wife and stepmother and which were not disclosed to him, as well as by the introduction of these statements at the hearing in general sessions court; (6) no documents were shown to him or his counsel at the final hearing; (7) he was not able to question his Georgia probation agent at the South Carolina proceeding, even though South Carolina relied on the Georgia agent's representations in determining Petitioner violated his probation; and (8) he was not given the opportunity to re-test his urinalysis.



Petitioner faces numerous procedural bar hurdles with respect to all of the claims being asserted under Ground One. First, Petitioner did not raise these issues in the direct appeal from his probation revocation hearing. Although Petitioner may have referenced some of these issues in his subsequent PCR proceedings, he did not raise them as freestanding issues. Rather, to the extent they were raised at all, they were raised as ineffective assistance of counsel claims. Indeed, these issues are not proper claims to raise as freestanding issues in an APCR. *Cf.* Drayton v. Evatt, 430 S.E.2d 517, 519-520 (S.C. 1993)[issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel]; S.C. Code An.. § 17-27-45 (Supp. 1998)[one year limitation period]. In any event, they were not addressed by the PCR judge in his order, and therefore would not be considered exhausted for purposes of this federal petition. Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters were not addressed in original order]. See also Pruitt v. State, 423 S.E.2d 127, 128 (1992).[4]

As these issues were not properly presented in Petitioner's direct appeal from his revocation hearing or in his APCR as free standing issues, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001);

---

[4]Petitioner did address some of these issues in his pro se PCR appellate brief. However, that would not exhaust these claims because he could not proceed on these issues at that time since they were not addressed in the PCR court's order. Plyler, 4242 S.E.2d at 478-480. Further, as previously discussed, they could not proceed as free standing issues in any event. Drayton, 430 S.E.2d at 519-520.

7



Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these claim, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since these claims were not properly pursued by the Petitioner in either his direct appeal or in his APCR, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In his response to the Respondents' motion, Petitioner does not dispute that he did not properly raise

8



these issues in his direct appeal. Rather, he argues that he exhausted these claims when he raised them in his PCR pro se appellate brief. However, as previously noted, Petitioner could not pursue issues in his PCR appeal that he did not properly present and have ruled on by the PCR court. Plyler v. State, supra. Therefore, Petitioner has failed to show the necessary cause for failing to raise these issues in his PCR proceedings. See 28 U.S.C. § 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Petitioner has also failed to show that a fundamental miscarriage of justice will occur if these claims are not considered, or demonstrate actual innocence in his case. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, these claims for relief are procedurally barred from consideration by this Court, and should be dismissed.

## II.

In Ground Two of his Petition, Petitioner argues that the original probation revocation warrant issued in his case violated his 4th Amendment rights and fundamentally protected civil rights because it violated his right to marriage and his right to be secure from unreasonable search and seizures. In Ground Three of his Petition, Petitioner contends that when his probation supervision was transferred to Georgia, enhancements were made that were not part of his probationary sentence of July 14, 1999.

9



A review of the record confirms that the Petitioner did not raise these issues in his direct appeal. Further, as was the case with Petitioner's Ground One, although Petitioner did reference these issues in his PCR proceedings, he did not raise them as freestanding issues. *Cf.* Drayton, 430 S.E.2d at 519-520 [issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel]; S.C. Code An.. § 17-27-45 (Supp. 1998)[one year limitation period]. Rather, Petitioner's claims in his APCR were all presented as ineffective assistance of counsel claims. In any event, since these claims were not addressed by the PCR judge in his order, they would not be considered exhausted for purposes of this federal habeas Petition. Plyler, 424 S.E.2d at 478-480 [issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment]; see also, n. 4, supra.

As these issues were not properly presented in Petitioner's direct appeal or his APCR, they are barred from consideration by this Court absent a showing of cause and prejudice, or actual innocense. Wainwright v. Sykes, supra; Waye v. Murray, 884 F.2d at 766; Coleman, 501 U.S. at 750. As with his Ground One, Petitioner does not dispute that he did not properly raise these issues in his direct appeal, but instead argues that he exhausted these claims when he raised them in his PCR pro se appellate brief. However, as previously noted, Petitioner could not pursue these issues in his PCR appeal; Plyler v. State, supra; and he has therefore failed to show the necessary cause for failing to raise these issues in the state courts. See 28 U.S.C. § 2254; Rodriguez, 906 F.2d at 1159 ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Petitioner has also failed to make a showing of a fundamental miscarriage of justice or actual innocense in his case. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d

10



at 1159 (citing Murray v. Carrier, 477 U.S. at 496); Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881.

Therefore, Petitioner's Grounds Two and Three are procedurally barred from consideration by this Court, and should be dismissed.

### III.

In Ground Four of his Petition, Petitioner contends that his probation revocation counsel was ineffective by failing to investigate Petitioner's alleged probation violations, by failing to question his Georgia probation officer, and by admitting to the alleged violations at the final hearing. Petitioner also argues that his counsel testified at the PCR hearing that he had not even seen the probation documents.

Respondents do not dispute that these issues were all raised at Petitioner's PCR hearing, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). Following this hearing, the PCR Court made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Stephenson v. State of South Carolina, No. 03-CP-02-311. The PCR judge found (1) that Petitioner's revocation counsel testified that she fully conferred with the Petitioner and was aware, through her conferences, of all the factual and legal assertions of the Petitioner at the time; (2) that Petitioner's revocation counsel testified, and the record showed, that counsel fully presented these assertions to the court at the revocation proceeding; and (3) that Petitioner failed to carry his burden to show that his counsel was ineffective. (R.p. 91). The South Carolina Supreme Court also rejected these claims on appeal.

Substantial deference is to be given to the state court's findings of fact. Evans v.



Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568-1571 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). While the Sixth Amendment right to counsel does not apply to a probation revocation proceeding, the Strickland test for judging claims of ineffective assistance of counsel is often used for such proceedings, which are covered by the Fourteenth Amendment's right to due process, taking into consideration the less formal manner of proceeding at such hearings. United States v. Wren, 682 F.Supp. 1237, 1241-1242 (S.D.Ga. 1988); see Gagnon v. Scarpelli, 411 U.S. 778, 789 (1973); Morrissey v. Brewer, 408 U.S. 471, 480 (1972). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor,



120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, under Strickland the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. Second, the Petitioner must show that he was prejudiced by counsel's deficient performance. Here, after careful review and consideration of the record in this case, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that probation revocation counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

During Petitioner's PCR testimony, he conceded that he had met with counsel on two occasions prior to his hearing. (R.p. 33). However, he testified that he had not seen any of the evidence prior to the hearing. Petitioner further testified that he did not specifically admit that he had



violated any of the conditions of his probation, and did not even know that he had to either deny or admit the allegations, even though the record reflects that he was specifically asked that question at the violation hearing by the Court.   (R.pp. 4, 39).

Petitioner's counsel testified at the PCR hearing that, following her appointment, she had her investigator meet with the Petitioner.  A few weeks later, both she and her investigator met with Petitioner, and she met with him again a week later just prior to his violation hearing. (R.p. 65). Counsel testified that she and the Petitioner discussed the probation violations that had been alleged against him and Petitioner's responses to those allegations.  With respect to the charge that he had attempted to purchase a firearm, Petitioner did not deny that he had gone to Wal-Mart and filled out the paperwork to obtain a firearm, although he denied that that was his intent.  Petitioner contended that he was simply trying to get a criminal background check conducted, and counsel testified that she relayed that explanation to the Court at the revocation hearing.  (R.pp. 65-67).  <u>See</u> (R.p. 5). With respect to the charge that he had tested positive for use of a controlled substance, counsel testified that her notes indicated that Petitioner did not deny testing positive for marijuana. (R.p. 68). Counsel further testified that she spoke with Petitioner's South Carolina probation officer who was bringing the charges, and that she also reviewed the report from the Georgia probation officer which indicated that Petitioner had testified positive for marijuana on May 5, 2001, although she did not see the urinalysis report itself.  (R.pp. 68-69).  Counsel testified that she also discussed the other charges that had been lodged against the Petitioner; (R.pp. 70-71); and that Petitioner was not contesting that he had failed to satisfy these requirements of his probation. (R.p. 73).  Counsel testified that, while Petitioner wanted to give "all sorts of explanations for everything,...he never came right out and said, 'I deny that that happened.'" (R.p. 74).  As for Petitioner's complaint that

14



his probation was revoked, at least in part, because of his marriage to a minor, counsel noted that the probation revocation court did not find that to be a violation of his probation. (R.p. 79).

The transcript from Petitioner's revocation hearing shows that when Petitioner was asked whether he was admitting or denying the allegations in the Petition, he responded that he had "explanations for those allegations". (R.p. 4). Counsel then advised the Court that Petitioner admitted to the specifics of the allegations in the probation warrant, but that he had explanations to offer. Counsel further stated that Petitioner admitted that he had tested positive for marijuana in May, that he had entered into a "detox program" after that event, and that he had been "clean since that happened." Counsel stated that Petitioner further admitted to going to Wal-Mart and filling out the form to purchase a firearm, but stated by way of explanation that he had done so in an attempt to get a background check in order to get a job, and that he was not actually trying to purchase a firearm. Counsel further told the Court that Petitioner could not afford to continue with a counseling program he had been instructed to attend, and that while he admitted to having a relationship with a minor, he loved that individual very much and had even married her. (R.pp. 5-6). Petitioner then made a lengthy statement to the Court, in which he admitted failing the urinalysis test, admitted to filling out the paperwork to purchase a gun at Wal-Mart (although he denied that that was what he was attempting to do), and spoke at some length about his financial difficulties and the situation involving his new relationship and marriage. (R.pp. 7-11). After hearing a statement from Petitioner's stepmother, the Court found Petitioner guilty of having used a controlled substance illegally, of having attempted to purchase a firearm illegally, and of failing to meet the financial obligations of his probation and failing to complete sex offender treatment, all violations of his probation. (R.pp. 13-14).



While Petitioner argued at the PCR hearing that his counsel had not done enough investigation to effectively represent him at his hearing, the undersigned does not find that the record in this case supports Petitioner's claim. Petitioner's additional arguments that counsel was ineffective for not having the Georgia probation officer there for cross-examination, for not personally reviewing the urinalysis test results, and other issues, are also not sufficient to set forth a valid claim under the facts presented. A probationer or parolee facing revocation is not entitled to the full panoply of constitutional and statutory rights due a defendant facing a criminal prosecution. Morrissey, 408 U.S. at 480, 489.  See also Gagnon, 411 U.S. at 781-782 [extending due process rights recognized in Morrissey to probationers].   The minimum due process rights to which probationers are entitled include: "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons of the revoking (probation or) parole." Gagnon, 411 U.S. at 786 (quoting Morrissey, 408 U.S. at 489)(bracketed material inserted by Gagnon Court).  However, the Supreme Court has emphasized that

> there is no thought to equate [the General Sessions Court][5] stage of parole revocation to a criminal prosecution in any sense.  It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

---

[5]Second stage of parole revocation proceedings, as conducted in South Carolina.

16



Id. at 489.

The record before this Court shows that Petitioner was provided with two revocation hearings, the initial hearing being held before an administrative hearing officer at which he appeared and following which a written decision was issued setting forth the evidence and testimony considered and the finding of the hearing officer. Petitioner then had a second hearing before a South Carolina Circuit Judge, at which he was represented by counsel. Counsel testified that she reviewed the charges with the Petitioner and discussed the case with him. She subsequently represented Petitioner at the hearing before the Circuit Court, where Petitioner did not dispute the underlying facts of the violations, although he offered explanations therefore. He was then found guilty of violating the conditions of his parole by the Circuit Court Judge, who also entered a written decision following the revocation hearing. Pro se Supplemental Appendix, p. 3. This record supports the PCR judge's conclusion that Petitioner's counsel's performance was not deficient, nor was he prejudiced by counsel's performance. Neither Petitioner nor counsel suggested how additional preparation on counsel's behalf would have resulted in a different outcome. Petitioner presented no witnesses, nor did he offer any specific testimony establishing that he would have had a defense if he had additional time to prepare or more investigation had been conducted. Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3rd Cir. 1991) [speculative claims are not a basis for federal habeas relief]. There is no basis in this record to overturn the findings of the State Court. Evans, 220 F.3d at 312.

While the decisions of counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. Petitioner has failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal

17



habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding or was contrary to clearly established federal law]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his probation revocation counsel was ineffective is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 14, 2007



18

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

