IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Barrett S. Stephenson, #279323, ) | Civil Action No.: 0:06-816-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden Taylor, RCI, SCDC; and ) | |
| Henry McMaster, Attorney General ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, Barrett S. Stephenson, is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging constitutional violations in connection with the revocation of his probation . The petition was filed on March 16, 2006.

Petitioner pleaded guilty to criminal sexual conduct with a minor, second degree, and was sentenced to 20 years, suspended upon the service of 5 years probation. The petitioner was required to comply with all applicable family court orders and have no contact with the victim. No appeal was taken from the petitioner's conviction or sentence. The record does not reflect that any post-conviction relief petition was filed relating to the initial guilty plea and sentence.

The South Carolina Standard Conditions of Probation were imposed upon the petitioner. These include not using controlled substances; submitting to an urinalysis or blood test when instructed by agents of the department; not possessing or purchasing any firearms; and other provisions. It appears that the petitioner wished to move to Georgia to reside with his father, and supervision of his probation

1

was accordingly transferred to the State of Georgia. As an additional condition of probation in the State of Georgia, since the petitioner was considered a sex offender, the petitioner was required to register as a sex offender and have no contact with any person under the age of 18.

On May 23, 2001, the Georgia Department of Corrections issued an Interstate Progress Conduct Report regarding certain problems with the petitioner's performance on probation. A probation violation arrest warrant was issued on July 18, 2001 by the South Carolina Department of Probation, Parole and Pardon Services. The arrest warrant alleged that the subject "failed to refrain from use of a controlled substance in that he tested positive for marijuana on May 2, 2001." It also states he failed to refrain from the purchase or possession of a firearm "in that he attempted to purchase a gun from Wal-Mart, Deans Bridge Road, Augusta, Georgia on March 30, 2001." It further alleges that the petitioner failed to abide by the additional sex offender conditions of his probation in that he failed to discontinue his relationship with a 16 year old girl after being instructed to do so. Finally, it states that he married the girl on April 29, 2001 after being instructed to have no further contact with her.

An administrative hearing was held on September 20, 2001. The hearing officer recommended that the petitioner's probation be revoked and that the original 20 year sentence be imposed in full.

A hearing was subsequently held in Aiken General Sessions Court at which the petitioner was represented by counsel. The court found the petitioner had wilfully violated his probation and required him to serve 10 years after which his probation would be terminated. The petitioner filed a direct appeal from the probation revocation order, raising one issue, that the court erred in revoking the probation sentence in part because he allegedly failed to pay fees. The South Carolina Court of Appeals affirmed the probation revocation. The petitioner then filed an application for post-conviction relief raising the issue "that I received ineffective assistance of counsel, violation of my Sixth and Fourteenth Amend.

The court failed to determine factual basis, and wilfulness." The petitioner was represented by counsel at his hearing on the petition for post-conviction relief. The petition was dismissed by the PCR Judge, and the petitioner filed an appeal with the South Carolina Supreme Court, where he was also represented by counsel. Counsel raised the sole issue that probation revocation counsel erroneously failed to inform the PCR Judge that the petitioner's South Carolina violations of probation should not have included the additional conditions imposed by the State of Georgia. The petitioner also filed a *pro se* writ of certiorari raising various issues. The South Carolina Supreme Court denied the petition for certiorari on December 14, 2005.

The petitioner subsequently filed the instant habeas petition, and the respondents filed a motion for summary judgment on July 28, 2006. A Roseboro Order was issued by Magistrate Judge Bristow Marchant on August 2, 2006. On August 17, 2006, the petitioner filed a response in opposition to the motion for summary judgment.

This matter is before the court for review of the Report and Recommendation filed February 14, 2007, of United States Magistrate Judge Bristow Marchant in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. The court is charged with making a de novo determination of those portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

Based on a review of the record, the report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the

report. On February 23, 2007, petitioner filed his objections to the report. Petitioner argues that he is entitled to relief on the merits of his petition.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

**GROUND ONE: PROBATION REVOKED IN VIOLATION OF DUE PROCESS**

The petitioner objects to the recommendation by the Magistrate Judge that Ground One be dismissed on procedural grounds. The Court agrees with the Magistrate Judge that Ground One is procedurally barred.

This ground alleges that the petitioner was denied due process at his probation revocation hearing. However, the issue was not raised on direct appeal from the probation revocation hearing. In addition, even if under a liberal construction of the PCR application the issue is considered to have been raised before the PCR Judge, this was an issue that should have been raised on direct appeal and could not be raised on PCR except as to ineffective assistance of counsel. See Drayton v. Evatt, 312 S.C. 4, 430 S.E>2d 517 (1993); S.C. Code Ann. § 17-27-45 (Supp. 1998). The Court finds that the issues raised

4

in Ground One are not properly preserved.[1] As found by the Magistrate Judge, federal habeas review of these claims is now precluded unless the petitioner can show cause and prejudice, or actual innocence under Wainwright v. Sykes, 433 U.S. 72 (1977).

Petitioner argues in his objections that he had requested his attorney on direct appeal to raise some of the claims asserted in Ground One but that he was informed the issues were frivolous. However, the fact remains that this issue was not raised on direct appeal, regardless of the reason. Petitioner also asserts that, since he testified at the PCR hearing on these issues, they were adequately preserved for review, even though the PCR Judge did not address them in his order and no motion was made to alter or amend the judgment. However, the court finds that the petitioner did not adequately preserve this issue merely by his testimony, where the issues were not addressed in the PCR Order and no motion to reconsider was filed to allow the PCR Judge to issue an additional order.

In addition, the petitioner seems to argue that his due process rights were violated in connection with his transfer back to South Carolina from Georgia for hearings on his probation violation. He contends that, since he was not appointed an attorney until four days after his preliminary hearing on the probation violation, he was not advised of his rights or allowed to present evidence at the preliminary hearing and that he was thus denied due process.

The court first notes that the petitioner has not indicated that he requested an attorney at the preliminary hearing. In addition, there is no constitutional requirement for an attorney to be appointed at every preliminary or final probation revocation hearing.[2]  See Gagnon v. Scarpelli, 411 U.S. 778

---

[1] The petitioner's ineffective assistance of counsel claim is being addressed in another section of this Order.

[2] South Carolina requires by rule that counsel be appointed for indigent petitioners for the final probation revocation hearing and such was provided here. See Rule 602(a), SCACR.

(1973). Pursuant to Gagnon, counsel is only warranted under a case-by-case approach, when the petitioner makes a request and claims either (1) that he has not committed the alleged violation, or (2) that, "even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id., 411 U.S. at 790. In the case at bar, the petitioner admitted the violations but stated that he had explanations for them. (PCR App. 4).

Moreover, the petitioner cannot show prejudice in regard to the procedure at the preliminary hearing. The purpose of the Gagnon preliminary hearing is to prevent a lengthy incarceration without a determination of probable cause pending a final determination, and to allow an independent review of the charges while the information is fresh and the sources are available. See State v. Delaney, 465 N.E.2d 72 (Ohio 1984), citing Morissey v. Brewer, 408 U.S. 471 (1972). In addition, the petitioner has not identified anything but speculative or conclusory statements about any information or sources that were no longer available. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3rd Cir. 1991)( applicant cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense," rather, facts must be presented.)

Petitioner did in fact receive a full revocation hearing with the aid of counsel before a circuit judge in which it was found that he committed probation violations, thus mooting any concerns about the sufficiency of his preliminary hearing. See Dunlap v. Ledbetter, No. 05-0258, 2005 WL 2138242 (W.D. Mo. August 31, 2005).

Finally, the Court notes that the petitioner waived any right to challenge introduction of hearsay and reports from the Georgia probation office to the South Carolina office when he applied for and was

6

granted an interstate transfer of his probation. See Application for Compact Services dated July 14, 1999.

The court finds that the claims by the petitioner as to ground one are procedurally defaulted and that even if they were not, he was accorded the constitutional due process to which he is entitled under Morrisey v. Brewer, 408 U.S. 471 (1972).

## GROUNDS TWO AND THREE:
## PROBATION REVOCATION WARRANT VIOLATED FOURTH AMENDMENT RIGHTS AND FUNDAMENTALLY PROTECTED CIVIL RIGHTS TO MARRY; ADDITIONAL CONDITIONS OF PROBATION BY GEORGIA AUTHORITIES NOT ALLOWED

As noted by the Report, these issues were not raised in the direct appeal and are thus barred. In addition, although the petitioner claims that he legally married a 17 year old girl, he was specifically forbidden to have any contact with individuals under the age of 18 in the Georgia conditions of probation. The court is not aware of any case holding that an individual under these circumstances would have an unlimited right to marry the person who is age 17; nor does the petitioner cite the court to any such cases.

The petitioner asserts in his objections that the Georgia authorities could not properly add the conditions regarding requiring him to register as a sex offender and forbidding contact with minors, when his supervision was transferred to Georgia. He also contends that he could not be found to have wilfully violated these conditions since they was not original conditions and that this establishes his actual innocence.

The petitioner in this case signed an Application for Compact Services and Agreement to Return in which he applied for supervision in Georgia pursuant to the Interstate Compact for the Supervision

of Parolees and Probationers. The application states, "I understand that the very fact that supervision will be in another state makes it likely that there will be certain differences between the supervision I would receive in this state and the supervision I will receive in any state to which I am asking to go. . .in order to get the advantages of supervision under the interstate compact for the supervision of parolees and probationers. I do hereby accept such differences in the course and character of supervision as may be provided, and I do state that I consider the benefits of supervision under the compact to be worth any adjustments in my situation which may be occasioned." In addition, he acknowledged that he would comply with the rules and regulations as laid down by the States of South Carolina and Georgia. Moreover, evidence was presented as to the violation of the standard conditions of probation imposed in South Carolina, numbers three and four pertaining to controlled substances and firearms, and the evidence clearly supports the findings that the petitioner violated those conditions as well as the Georgia conditions about which he complains.

Additionally, the revocation court did not find a specific probation violation from the petitioner's contact with his underage wife. (PCR App. 13; 81). Petitioner's probation was not revoked for the marriage itself. Instead, this fact was mentioned in deciding the amount of time the petitioner would have to serve of his original sentence. This argument lacks merit.

### GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner's objections allege errors made by his appointed attorney in the probation revocation hearing in the Court of General Sessions. He alleges that she admitted she never contacted the supervising probation officer in Georgia and that she did not examine any witnesses or make any objections concerning the testimony of the petitioner's step-mother. He also argues that his attorney stipulated to the revocation judge that the petitioner admitted the specifics of the warrant.

First, as noted above, there is no absolute constitutional right to counsel for a probation revocation hearing. If such a right exists in a given case, then it arises under due process and not the Sixth Amendment. See Gagnon. Even if there a constitutional right to counsel existed in the case at bar, the record reveals the petitioner's attorney fully conferred with him and presented all of his assertions. Under the case of Strickland v. Washington, 466 U.S. 668 (1994), applicable by analogy, a petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant. Counsel's representation must fall below "an objective standard of reasonableness under prevailing professional norms." Id. 688. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694-695.

Under the Anti-Terrorism and Defective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved in unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The court finds that the representation by counsel satisfied the objective standard of reasonableness contemplated by Strickland. Therefore, this claim is without merit.

## **CONCLUSION**

The court has reviewed the report, objections, pleadings, memoranda and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is granted.

**IT IS SO ORDERED**.

                                                      s/ R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

Florence, S.C.
March 30, 2007